IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ROBERT A. PFAFF,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT

The Plaintiff, Robert A. Pfaff, by and through his attorneys, Kevin A. Planegger and Ted H. Merriam of Merriam Law Firm, P.C. alleges in his Complaint against the United States as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, Robert A. Pfaff, is a citizen of the United States and is a legal resident of the State of Colorado. Mr. Pfaff is currently incarcerated at the minimum security prison camp adjacent to the Federal Correctional Institution in Sheridan, Oregon. His current mailing address is FCI Sheridan, Satellite Camp, P.O. Box 6000, Sheridan, OR 97378.

2. The United States of America is the Defendant ("United States" or "IRS"), by and through the actions of its agency, the Internal Revenue Service.

3. Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. § 1346(a)(1).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(a)(1) because the Plaintiff is a legal resident of Colorado.

## GENERAL ALLEGATIONS

5. The Internal Revenue Service notified the Plaintiff on or about June 30, 2003 that it had begun an examination to determine his potential liability for the so-called promoter penalties of Internal Revenue Code Sections 6707 and 6708 (26 U.S.C. §§ 6707 and 6708).

6. On or about February 15, 2011, the Internal Revenue Service issued a report that set forth its determination that Plaintiff was subject to personal liability for penalties under 26 U.S.C. § 6707 for his alleged failure to furnish information regarding alleged tax shelters.

7. On or about May 13, 2011, Mr. Pfaff filed a timely appeal of the determination to the Internal Revenue Service Appeals Office.

8. On or about September 11, 2011, the Internal Revenue Service erroneously and illegally assessed civil penalties against the Plaintiff, pursuant to 26 U.S.C. § 6707, in the amounts of $1,397,574 for the 1997 year; $17,824,803 for the 1998 year; $105,039,593 for the 1999 year; and $35,970,056 for the 2000 year.

9. The civil penalties assessed against the Plaintiff are attributable to alleged tax shelters with acronyms FLIP, OPIS and BLIPS.

10. According to the February 15, 2011 IRS report, the FLIP transactions occurred in 1997 and 1998; the OPIS transactions occurred in 1998 and 1999; and the BLIPS transactions occurred in 1999 and 2000.

11. Plaintiff has at all times disputed the allegations and protested the assessments.

12. On or about April 19, 2012, the Plaintiff made a payment of $228,460 attributable to one of the fifteen so-called OPIS transactions in 1999. Simultaneous with the payment, the Plaintiff filed a Claim for Refund (Form 843; copy attached as Exhibit 1) of the $228,460 payment on Form 843. The Plaintiff's Claim for Refund was based on multiple legal arguments that were detailed in an attachment to Form 843, and which are incorporated by reference herein.

13. On or about December 12, 2012, the Defendant denied Plaintiff's Claim for Refund (copy attached as Exhibit 2). The formal disallowance did not address any of the Plaintiff's substantive legal arguments, and instead, erroneously concluded that the Plaintiff was required to pay the full $105,039,593 (for the 1999 period) aggregate penalty before his refund claim would be considered. The Defendant is erroneously and illegally attempting to deny Plaintiff's opportunity to administratively challenge and judicially litigate his alleged liability for the so-called promoter penalty by claiming that he must pay over $100,000,000 to "get his day in court."

14. From 2005 through 2010, the United States Department of Justice and the Internal Revenue Service have resolved several other so-called promoter penalty examinations (pursuant to 26 U.S.C. § 6707) related to the FLIP, OPIS and BLIPS transactions that are the basis for the assessments against the Plaintiff.

15. According to available public information, the settlements with KPMG, HVB Bank, Sidley Austin and Deutsche Bank have resulted in payments exceeding $295,000,000 for promoter penalty liability. The Plaintiff alleges that other promoter penalty settlements resulted in additional payments that should be applied to the FLIP, OPIS and BLIPS transactions at issue in this case.

16. According to Treasury Regulation § 301.6707-1T, the promoter penalty liability of 26 U.S.C. § 6707 is a joint and several liability such that all assessed persons or entities are liable for 100% of the total liability. Correspondingly, the payments by one liable party offset the liability owed by other persons or entities.

17. On or about December 12, 2012, after the administrative appeal of the civil penalties assessed against Mr. Pfaff, the Defendant reduced the civil penalty assessments against the Plaintiff to the amounts of $252,594 for the 1997 year; $1,395,780 for the 1998 year; $40,776,739 for the 1999 year; and $25,236,246 for the 2000 year.

18. The Defendant's December 12, 2012 determination to reduce the amount of the assessments against Mr. Pfaff was based on an IRS secret allocation of the payments (at least $295,000,000) made by KPMG, HVB Bank, Sidley Austin and Deutsche Bank (and others) for the same joint and several liability. Despite Plaintiff's repeated requests, the IRS refused to show/share the basis for its allocation of payments made by KPMG, HVB Bank, Sidley Austin and Deutsche Bank (and others).

## CLAIM FOR RELIEF

19. Plaintiff realleges and incorporates by reference all of the proceeding allegations.

4

20. Pursuant to 26 U.S.C. § 7422, the Plaintiff files this civil action to recover a refund of $228,460 for the reasons set forth in his April 19, 2012 Claim for Refund. This is the amount paid on or about April 19, 2012 for the civil penalty attributable to one of the fifteen so-called OPIS transactions in 1999.

21. The Plaintiff also requests that all remaining unpaid sums in the assessment allegedly owed by Plaintiff for the 1999 tax year be abated due to a finding that Plaintiff is not liable for the civil penalty pursuant to 26 U.S.C. § 6707 (for the reasons set forth in Plaintiff's April 19, 2013 Claim for Refund), and/or that such penalty has already been paid by other parties.

22. The Plaintiff further asks the Court to order the Defendant to suspend its collection efforts pending the outcome of this tax refund suit.

23. The amended assessment for the 1999 tax year, and the findings and conclusions supporting that assessment were erroneous, unsupported by the evidence, and unsupported by the law. In addition, the Defendant's position lacked substantial justification.

24. The Plaintiff is entitled to recover interest as provided in 28 U.S.C. § 2411.

## JURY DEMAND

25. Pursuant to Fed R. Civ. 38(b) and 28 U.S.C. § 2402, the Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $228,460, plus interest thereon, as well as Plaintiff's costs, reasonable attorneys' fees,

5

and/or reasonable litigation costs, and such other relief as the Court deems just and proper.

DATED this 13th day of August 2013.

By: s/ Ted H. Merriam

Ted H. Merriam, # 9100
Merriam Law Firm
1625 Broadway, Suite 770
Denver, CO 80202
303-592-5404
303-592-5439 (facsimile)

By: s/Kevin A. Planegger

Kevin A. Planegger, # 29084
Merriam Law Firm
1625 Broadway, Suite 770
Denver, CO 80202
303-592-5404
303-592-5439 (facsimile)

Attorneys for Plaintiff